UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**RARE BREED TRIGGERS, LLC,
A FLORIDA LIMITED
LIABILITY COMPANY and
KEVIN C. MAXWELL,**

      **Plaintiffs,**

v.                                                                                   Case No. 6:21-cv-1245-CEM-GJK

**MERRICK GARLAND, CRAIG
SAIER, and MARVIN
RICHARDSON,**

      **Defendants.**
_____/

## ORDER

THIS CAUSE is before the Court on Plaintiffs' Emergency Motion for an Ex Parte Temporary Restraining Order ("TRO") ("Motion," Doc. 3).[1] For the reasons stated herein, the Motion will be denied.

### I.    BACKGROUND

This case arises from a cease-and-desist letter ("ATF Letter," Doc. 3-6) issued to Plaintiffs by the U.S. Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") requiring that Plaintiffs "[c]ease and desist all

---

[1] Plaintiffs also concurrently filed an Emergency Motion for a Preliminary Injunction (Doc. 2).

manufacture and transfer of the Rare Breed Trigger FRT-15," which—per the ATF's Letter—"is a combination of parts designed and intended for use in converting a weapon into a machinegun." (*Id.* at 2). The ATF Letter, which was issued on July 26, 2021, advises that Plaintiffs' failure to comply with the requirements of the letter "may result in (1) law enforcement action by ATF, including a referral of this matter to the United States Attorney's Office for criminal prosecution; (2) tax assessment and collection; and/or (3) seizure and forfeiture of the firearms and property involved in violations of Federal law." (*Id.*). Plaintiffs have filed claims for review of an agency action under the Administrative Procedure Act, 5 U.S.C. § 702, (Compl., Doc. 7, at 16), and seek a TRO from this Court restraining Defendants from taking the steps outlined in the ATF Letter, (*see generally* Doc. 3).

## II.   LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 65(b), a district court may issue a TRO "without written or oral notice to the adverse party" if the movant provides "specific facts . . . [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." The movant must certify in writing "the reasons why [notice] should not be required," Fed. R. Civ. P. 65(b)(1)(B). Additionally, to obtain such emergency, ex parte relief, the movant must establish: "(1) the likelihood that the movant ultimately will prevail on the merits of the claim, (2) the irreparable nature

of the threatened injury and the reason that notice is impractical, (3) the harm that might result absent a restraining order, and (4) the nature and extent of any public interest affected." M.D. Fla. R. 6.01(b)(1)–(4).

### III. ANALYSIS

"'A showing of irreparable injury is the *sine qua non* of injunctive relief.' . . . [T]he absence of a showing of irreparable injury, 'would, standing alone, make preliminary injunctive relief improper.'" *Hoop Culture, Inc. v. Gap Inc.*, 648 F. App'x 981, 984 (11th Cir. 2016) (quoting *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc))). Therefore, the Court begins with this element.

In the Motion, Plaintiffs primarily focus on harm that could result from a criminal prosecution. However, Plaintiffs fail to address the most basic presumption inherent in their argument—why this Court has the authority to temporarily restrain a law enforcement action or criminal prosecution by an executive branch agency. Upon careful review, this Court is unsure that such authority exists, and even if it does, the Court would decline to issue a TRO in recognition of principles of equity.

*Younger v. Harris*, 401 U.S. 37 (1971), sets forth the framework for a district court to consider when a plaintiff seeks to enjoin criminal prosecution by a *state*. Of note, *Younger* holds that "the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions." *Id.* at 45; *see also Hughes v. Att'y General of Fla.*, 377 F.3d 1258, 1262–63 (11th Cir. 2004)

(citing *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 364 (1989); *Younger*, 401 U.S. at 43–44)). Many district courts have utilized the *Younger* framework to conclude that it is improper for a federal court to enjoin a *federal* criminal prosecution absent circumstances that do not exist here. *Thomas v. Shroff*, No. 21-CV-0450 (LLS), 2021 U.S. Dist. LEXIS 32562, at *5 (S.D.N.Y. Feb. 19, 2021) (collecting cases) ("Many courts have extended the holding of *Younger* and concluded that federal courts also may not stay or enjoin federal prosecutions."). However, at least some courts have questioned whether *Younger* applies to "a petition for a federal civil injunction to restrain an ongoing *federal* criminal proceeding." *Deaver v. Seymour*, 822 F.2d 66, 69 (D.C. Cir. 1987) (emphasis in original).

Regardless, whether *Younger* applies or not, this Court must still consider "the traditional reluctance . . . of an equity court to interfere with criminal proceedings," even in the circumstance of a requested "preindictment civil injunction action[]." *Christoforu v. United States*, 842 F. Supp. 1453, 1456 (S.D. Fla. 1994) (noting that "[p]rospective defendants cannot, by bringing ancillary equitable proceedings, circumvent federal criminal procedure" (quoting *Devaer*, 822 F.2d at 71)). Indeed, this "Court is bound by the 'basic doctrine of equity jurisprudence that courts of equity should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not

suffer irreparable injury if denied equitable relief.'" *Id.* (quoting *Younger*, 401 U.S. at 91). That is, "[c]ertain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term." *Boyd v. Georgia*, 512 F. App'x 915, 918 (11th Cir. 2013) (quoting *Younger*, 401 U.S. at 46); *but see Juluke v. Hodel*, 811 F.2d 1553 (D.C. Cir. 1987) (explaining a narrow exception to this principle that does not apply to the instant case).

Here, where Plaintiffs seek primarily to have the Court enjoin law enforcement action by the ATF leading to the potential criminal prosecution of Plaintiffs, the resulting consequences from any such criminal prosecution cannot constitute irreparable harm.[2] *Boyd*, 512 F. App'x at 918.

Plaintiffs' remaining arguments regarding irreparable harm similarly fail. First, Plaintiffs argue that they will suffer various business impacts from Defendants' seizure of Plaintiffs' assets. (Doc. 3 at 22). But Plaintiffs have not shown that these potential consequences are imminent. The ATF Letter only requires Plaintiffs to cease and desist manufacture and transfer of the FRT-15 trigger and to "[c]ontact ATF within 5 days of receipt of th[e] letter to develop a plan for addressing those machineguns already distributed." (Doc. 3-6 at 2). Plaintiffs have not explained

---

[2] This principle similarly applies to Plaintiff Maxwell's argument that he is "at risk of suspension of his legal license due to criminal prosecution," (Doc. 3 at 22), because that is a consequence only encompassed within a potential criminal prosecution.

whether they have complied with the ATF Letter, so the potential consequential actions by ATF for noncompliance may never even occur and thus are certainly not imminent. Further, Plaintiffs have not explained why complying with the ATF Letter—i.e., ceasing manufacture and transfer of the FRT-15 trigger or developing a plan with the ATF—during the short time necessary to allow notice and a hearing would cause irreparable harm. Plaintiffs have also not explained why the potential harm to their business could not be remedied by monetary relief. *Ne. Fla. Chapter of Ass'n of Gen. Contractors v. Jacksonville*, 896 F.2d 1283, 1285 (11th Cir. 1990) ("An injury is 'irreparable' only if it cannot be undone through monetary remedies. . . . Mere injuries, however substantial, in terms of money, . . . are not enough." (quoting *Sampson v. Murray*, 415 U.S. 61, 90 (1974)); *accord United States v. Jefferson Cnty.*, 720 F.2d 1511, 1520 (11th Cir. 1983)).

Even assuming *arguendo* that Plaintiffs have chosen to not comply with the ATF Letter, Plaintiffs have still failed to show imminent irreparable injury. Plaintiffs argue that "it is not practicable to provide notice to the Defendants prior to the issuance of a temporary restraining order because the Defendants clearly intend to act in a very short time frame, and neither the Plaintiffs nor this Court will be privy to when the Defendants take action unless they are restrained." (Doc. 3 at 23–24). First, it is not clear from the ATF Letter when Defendants intend to act, but it certainly does not appear that Defendants' actions are imminent. (*See* Doc. 3-6 at 2

(noting only that failure to comply "*may* result in . . . *referral* of this matter to the United States Attorney's Office for criminal prosecution" (emphasis added))). Second, while the Court may not be privy to if or when Defendants act, *Plaintiffs* are privy to such information because the actions that Plaintiffs seek to enjoin may only occur if *Plaintiffs* fail to comply with the actions required by the ATF Letter. (*See id.*).

Because Plaintiffs have failed to demonstrate irreparable harm sufficient to justify the extraordinary remedy of a TRO, Plaintiffs' Motion will be denied. *Hoop Culture*, 648 F. App'x at 984.

IV. **CONCLUSION**

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiffs' Emergency Motion for an Ex Parte Temporary Restraining Order (Doc. 3) is **DENIED**.

2. Plaintiffs' Emergency Motion for a Preliminary Injunction (Doc. 2) is set for an evidentiary hearing on **Wednesday, August 18, 2021, at 2:00 PM** in Courtroom 5B, George C. Young United States Courthouse Annex, 401 W. Central Boulevard, Orlando, Florida, before the Honorable Carlos E. Mendoza. The Court has reserved no more than two hours for the hearing.

3. **On or before Friday, August 6, 2021,** Plaintiffs shall serve Defendants with a copy of Plaintiffs' Emergency Motion for an Ex Parte Temporary Restraining Order, Plaintiffs' Emergency Motion for a Preliminary Injunction (Doc. 2), and this Order.

4. Defendants are not required to file a written response to Plaintiffs' Emergency Motion for a Preliminary Injunction, but if they choose to do so, it must be filed **on or before Monday, August 16, 2021**.

**DONE** and **ORDERED** in Orlando, Florida on August 5, 2021.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record