IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RARE BREED TRIGGERS, LLC, *et al.*,

    Plaintiffs,

v.

    Case No. 6:21-cv-01245-CEM-GJK

MERRICK GARLAND, in his official
capacity as Attorney General of the United
States, *et al.*,

    Defendants.
_____/

## DEFENDANTS' OPPOSED TIME-SENSITIVE MOTION IN LIMINE TO LIMIT EVIDENCE AT HEARING ON PLAINTIFFS' EMERGENCY MOTION FOR PRELIMINARY INJUNCTION

### Local Rule 3.01(e) Statement

Defendants respectfully submit that this motion is time sensitive and request a ruling by 12:00 p.m. on Monday, August 16, 2021. The Court has scheduled an evidentiary hearing on Plaintiffs' Emergency Motion for Preliminary Injunction for August 18, 2021, at 2:00 p.m. Counsel for Defendants will need to know in advance of that hearing whether to prepare to cross-examine Plaintiffs' witnesses and whether to prepare its own witnesses and have those witnesses appear at the hearing.

### Motion in Limine

On August 2, 2021, Plaintiffs filed this action and emergency motions for a preliminary injunction and a temporary restraining order ("TRO"). *See* ECF Nos. 1–3.

1

On August 5, 2021, the Court denied the motion for a TRO, ECF No. 12, and scheduled an "In-Person Evidentiary Hearing" for August 18, 2021 at 2:00 p.m., ECF No. 13, noting that "[t]he Court has reserved no more than two hours for the hearing," ECF No. 12, at 7. Defendants respectfully move this Court to limit the evidence introduced at the August 18 hearing so that this Court's consideration of the merits of Plaintiffs' claims is limited to the materials contained in the administrative record.[1] On August 10, 2021, counsel for Plaintiffs informed Defendants that Plaintiffs intend to present the testimony of the four witnesses whose opinion letters were submitted with Plaintiffs' Motion. *See* Plaintiffs' Emergency Motion for a Preliminary Injunction, Exhibits B–E, ECF Nos. 2-3–2-6. Because this proposed testimony was not presented to the agency and thus falls outside the administrative record for Plaintiffs' Administrative Procedure Act ("APA") claims, Defendants respectfully submit that such testimony should be excluded.

In reviewing a final agency action under the APA, "the court shall review the whole record or those parts of it cited by a party. 5 U.S.C. § 706. "The focal point for judicial review of an administrative agency's action should be the administrative record. The role of the court is not to conduct its own investigation and substitute its own judgment for the administrative agency's decision." *Pres. Endangered Areas of Cobb's Hist., Inc. v. U.S. Army Corps of Eng'rs*, 87 F.3d 1242, 1246 (11th Cir. 1996) (citing *Camp*

---

[1] Defendants are currently compiling the relevant documents and will submit the administrative record along with their opposition to Plaintiffs' Motion for a Preliminary Injunction by Monday, August 16, 2021. *See* ECF No. 13.

*v. Pitts*, 411 U.S. 138, 142 (1973)). Rather, a court must "apply the appropriate standard of review to the agency decision based on the record the agency presents to the reviewing court." *Id.* (alterations omitted) (quoting *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743–44 (1985)).

Both of the two counts in Plaintiffs' Complaint challenge a decision of the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") pursuant to the APA. *See* Compl., ECF No. 7, ¶¶ 78–85. As such, review is limited to the administrative record that existed before the agency at the time of the decision. A district court is "empowered" to go "beyond the administrative record . . . only where there is initially 'a strong showing of bad faith or improper behavior' by the agency." *Ala.-Tombigbee River Coal. v. Kempthorne*, 477 F.3d 1250, 1262 (11th Cir. 2007) (quoting *Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971)).[2] To defeat the presumption that an agency has properly designated the administrative record, "a party must make a significant showing—variously described as a 'strong', 'substantial', or 'prima facie' showing—that it will find material in the agency's possession indicative of bad faith or an incomplete record." *Amfac Resorts, L.L.C. v. U.S. Dep't of Interior*, 143 F. Supp. 2d 7, 12 (D.D.C. 2001). Neither the Complaint nor the Motion for Preliminary Injunction

---

[2] Although other courts sometimes allow supplementation of the administrative record in several circumstances, *see Pres. Endangered Areas*, 87 F.3d at 1246 (citing *Animal Defense Council v. Hodel*, 840 F.2d 1432, 1436–37 (9th Cir. 1988)), the Eleventh Circuit has limited extra-record evidence to the bad-faith exception, *see Ala.-Tombigbee River Coal.*, 477 F.3d at 1262; *see also Nat'l Min. Ass'n v. Sec'y, U.S. Dep't of Lab.*, 812 F.3d 843, 875 (11th Cir. 2016). In any event, no other exception would be applicable in this case.

contain even an allegation that ATF has acted in bad faith, so this exception does not apply here. Accordingly, review is limited to the record, and Plaintiff may not supplement that record by presenting witness testimony.

Additionally, Plaintiffs' proposed testimony would not be efficient or particularly helpful to the Court in deciding the Motion for Preliminary Injunction. The opinion letters of the proposed witnesses are already attached to the Motion for Preliminary Injunction and, because Plaintiff submitted them to ATF in response to the cease-and-desist letter, will be included in the administrative record.[3] The witnesses' live testimony would be duplicative of these written exhibits. Moreover, it is unlikely that the parties will be able to fully examine and cross-examine four witnesses in support of Plaintiffs' position, plus one or more witnesses in support of Defendant's position, in the two-hour timeframe allotted for the hearing. A court may, in many circumstances, decide a Motion for Preliminary Injunction without any hearing at all. *See Transcon. Gas Pipe Line Co., LLC v. 6.04 Acres, More or Less, Over Parcel(s) of Land of Approximately 1.21 Acres, More or Less, Situated in Land Lot 1049*, 910 F.3d 1130, 1169 (11th Cir. 2018).

---

[3] Plaintiffs submitted the opinion letters to ATF after the agency issued the cease-and-desist letter. Although they were not before the agency at the time it issued the cease-and-desist letter, ATF did not elect to change course in response to the opinion letters, and therefore Defendants will include them in the certified administrative record out of an abundance of caution. Plaintiffs may argue that ATF deprived them of an opportunity to be heard, in violation of their Due Process rights, by not considering the opinion letters prior to issuing the cease-and-desist letter. However, the Complaint does not contain any claim of a Due Process violation, so this argument is inapposite. In any event, the fact that the letters will be included in the administrative record negates any prejudice to Plaintiffs by not having live witnesses at the preliminary-injunction hearing.

There is certainly no right to turn a hearing into a full-blown trial on the merits. *See Howard v. Town of Bethel*, 481 F. Supp. 2d 295, 303 (S.D.N.Y. 2007) (noting that a "preliminary injunction hearing[]" is "not a full-blown trial on the merits"); *see also Comprehensive Care Corp. v. Katzman*, No. 8:10-cv-942, 2010 WL 11512165, at *1 n.1 (M.D. Fla. Oct. 15, 2010) (pointing out, under a previous version of the local rules, that a party needed to request leave of court to present witness testimony at a preliminary-injunction hearing). And in any event, even final judgment in this case should be based on the administrative record, as explained above, not witness testimony.

Finally, it should be noted that the proposed testimony goes only to the merits of the case. But the Court does not even need to reach the merits to decide the pending Motion for Preliminary Injunction. As the Court has already found in denying the TRO Motion, Plaintiffs have not demonstrated that they will suffer irreparable harm without an injunction, as they must in order to obtain preliminary relief. *See* ECF No. 12, at 3–7. As Defendants will explain more fully in their opposition to the Motion for Preliminary Injunction, this same finding is grounds for denying a preliminary injunction. The Court should not entertain extensive testimony on the merits where Plaintiffs have not demonstrated that they can satisfy the other elements required for preliminary relief.

For these reasons, the Court should limit the evidence presented at the preliminary injunction hearing to the materials contained in the administrative record and preclude live witness testimony.

## Local Rule 3.01(g) Certification

Pursuant to the requirements of Local Rule 3.01(g), the undersigned certifies that he has conferred with Plaintiffs' counsel regarding this Motion in Limine. The parties do not agree on a resolution of the Motion, and Plaintiffs oppose the Motion; however, Plaintiffs do not oppose expedited consideration of this Motion. The conference occurred by telephone on August 11, 2021.

DATED: August 12, 2021  Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

LESLEY FARBY
Assistant Branch Director

/s/ Michael P. Clendenen
MICHAEL P. CLENDENEN
DC Bar No. 1660091
Trial Attorney
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street, NW
Washington, DC 20005
Phone: (202) 305-0693
E-mail: michael.p.clendenen@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

      I hereby certify that on the 12th day of August, 2021, I caused the foregoing document to be served on the following counsel for Plaintiffs by filing with the court's electronic case filing system: Kevin C. Maxwell, Esq.

                                                */s/ Michael P. Clendenen*
                                                MICHAEL P. CLENDENEN