## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**RARE BREED TRIGGERS, LLC, a**
**Florida Limited Liability Company, and**
**KEVIN C. MAXWELL, an individual,**

      **Plaintiffs,**                 **CASE NO.: 6:21-cv-1245-CEM-GJK**

**v.**

**MERRICK GARLAND, et al.,**

      **Defendants.**

_____/

### PLAINTIFFS' RESPONSE TO DEFENDANTS' TIME-SENSITIVE MOTION TO LIMIT EVIDENCE AT HEARING ON PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

In this case, the Court has scheduled a two-hour "In-Person Evidentiary Hearing" for August 18, 2021 at 2:00 p.m. concerning the Plaintiffs' Motion for a Preliminary Injunction. [Docs. 12-13]. The Defendants are now asking the Court to limit the evidence introduced at that hearing by excluding any testimony that may be offered by the four experts who wrote the reports attached to the Plaintiffs' Motion for Preliminary Injunction. [See Doc. 18 at pg. 2]. But there are several major problems with the Defendants' arguments.

1. *Если the Court grants the Defendants' Motion, the Plaintiffs will be completely deprived of due process.*

As both this Court and the Defendants are aware, U.S. agency action which deprives a person of liberty or property requires the fundamental protections of due process under the Fifth Amendment. *Morgan v. United States*, 304 U.S. 1, 14-15 (1938) ("in administrative proceedings of a quasi-judicial character the liberty and property of the citizen shall be protected by the rudimentary requirements of fair play . . . [and] these demand 'a fair and open hearing,' -- essential alike to the legal validity of the administrative regulation and to the maintenance of public confidence in the value and soundness of this important governmental process"). Such procedural due process requires both notice and a *meaningful* opportunity to be heard. *Fuentes v. Shevin*, 407 U.S. 67, 80 (1972) (emphasis added). And while pre-deprivation due process is not always required, there must at least be a prompt post-deprivation hearing with proper notice. *See Mackey v. Montrym*, 443 U.S. 1, 13 (1979).

So far as the notice requirement is concerned, it is "[a]n elementary and fundamental requirement of due process in *any* proceeding which is to be accorded finality [to receive] notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action *and afford them an opportunity to present their objections*." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (emphasis added) (internal citations omitted). The

notice <u>must</u> convey the required information, and it <u>must</u> afford a reasonable time for those interested to make their appearance. *Id*.

In this case, the Defendants issued the Cease and Desist Letter (constituting final agency action) on July 26, 2021. [Doc. 7 at Ex. B]. Because that final act of the agency occurred one day *before* MAXWELL was ever called into the meeting with the ATF, the Plaintiffs were never given any pre-deprivation opportunity to appear, or to raise any arguments, or to submit any documents or testimony for inclusion in the administrative record. [Doc. 7 at ¶ 41 & Ex. A]. Thus, the question then becomes whether the Plaintiffs were provided with any post-deprivation due process (i.e., notice and a meaningful opportunity to be heard) after the Cease and Desist Letter was issued.

In that regard, the Court should note that when MAXWELL was summoned in for the meeting with the SAC, he did not know what it was for or what the substance of the meeting would be because the Cease-and-Desist Letter was not given to him until he arrived. [Doc. 7 at ¶41 & Ex. A]. Once MAXWELL was informed of what the situation was, he immediately informed the SAC and ATF's legal counsel of his expert reports. [See id.]. Under these circumstances, MAXWELL obviously could not submit anything at the meeting because he was never given notice of what to bring with him or what the substance of the meeting would be before it occurred.

From there, the SAC proceeded to hand MAXWELL the Cease-and-Desist Letter and the meeting ended with no further comment.  The Court should note that the Cease-and-Desist Letter states *nothing* about when or where the Plaintiffs could enter an appearance or submit any documents or testimony for inclusion in the administrative record of this case.  And there were no further communications forthcoming from the Defendants.  [See Doc. 7 at Ex. B].   In short, there never was any proper notice given of the critical information concerning: (1) how the Plaintiffs could appear in this matter; (2) how the Plaintiffs could submit evidence to the administrative record; or (3) what time frame this had to occur in.

It should also be noted that the SAC claimed that ATF had created its own report on whether the FRT-15 constituted a "machinegun" under federal law.  But the SAC admitted that he had never seen that report, and MAXWELL has been repeatedly demanding to be provided a copy of it since July 27, 2021.

It was for all these reasons that on August 2, 2021, MAXWELL sent a letter to the SAC and the ATF's attorney with the Plaintiffs' four expert reports attached, and MAXWELL requested that the ATF reconsider its position and provide its examination report.  [**Exhibit "B"** – August 2, 2021 Letter].  This is the same letter being referenced in the Defendants' current motion, and its receipt was confirmed by the SAC.  [See Doc. 18 at pg.4, FN3].   Still, no response came from the Defendants.

Thus, on August 11, 2021, MAXWELL e-mailed the Defendants counsel to discuss whether the parties wished to exchange witness and exhibit lists for the upcoming evidentiary hearing set by this Court.  [**Exhibit "A"** – August 11, 2021 E-mail Chain]. MAXWELL further advised that he was prepared to have his four experts appear at the hearing to provide their testimony – the only thing the Plaintiffs could do since no other opportunity had been provided.  [See id.].

But that same day (August 11th), the Defendants' attorney responded to MAXWELL and advised that the Defendants intended to file this current Motion in Limine.  [See id.].  The Defendants' counsel stated (in no uncertain terms) that he would seek to exclude the expert reports and any testimony from the Plaintiffs experts because they were _not_ part of the administrative record of this case.  So, the Defendants gave no notice to the Plaintiffs of any opportunity they had to submit their evidence or testimony for the administrative record, or where it could be submitted, or in what time frame it could be submitted, but then proceeded to slam the door to any submissions.

What is more, the Defendants even expressed their clear intent to exclude the Plaintiffs' expert reports from the administrative record even though the Defendants had already received them.  [See id.].  This is a clear indication that the ATF never even reviewed those reports.  If the reports had been reviewed, then they would have been included in that administrative record when they were received and reviewed.

They were not.  Thus, the Plaintiffs were not only deprived of meaningful notice, but they were also deprived of having their submissions even considered.

It was at that point (*just yesterday afternoon*) that the Plaintiffs became aware of the Defendants' clear intent to completely deprive the Plaintiffs of due process altogether.  That is what prompted MAXWELL to reply to the Defendants' counsel and ask exactly when the Defendants had even given the Plaintiffs an opportunity to present their evidence.  [See Ex. A].  Further, as MAXWELL stated in his reply: "The ATF's failure or refusal to include my submissions in the administrative record of this case is proof that the ATF has never even considered my submissions.  That is the very epidemy of having no *meaningful* opportunity to be heard.  It is also clear evidence of bad faith on the part of ATF."  [Id.].

Suddenly realizing that they had made a major mistake, the Defendants have reversed course.  Now, they have filed this Motion in Limine acknowledging that they did receive MAXWELL's letter and the expert reports he provided. [See Doc. 18 at pg. 4, FN3].  But to discount their importance, the Defendants tell this Court that these materials were only submitted after the agency decision had been made – the very same decision that it never gave the Plaintiffs notice of in the first place. [See id.].

The Defendants also try to bandage their refusal to consider these items by telling the Court that ATF declined to change it position based on the reports

submitted – the very same reports that one day earlier the Defendants' counsel had claimed were not even part of the administrative record in this case.  [Compare id. with Ex. A].  It is quite perplexing how ATF would have considered these reports, made a decision upon them, and then not have included them in the administrative record.   The Defendants then tell this Court that they have elected to include those reports in the administrative record in an "abundance of caution".  [See Doc. 18 at pg. 4, FN3].

The Defendants then make the following statement to this Court: "Plaintiffs may argue that ATF deprived them of an opportunity to be heard, in violation of their Due Process rights, by not considering the opinion letters prior to issuing the cease-and-desist letter.  *However, the Complaint does not contain any claim of a Due Process violation, so this argument is inapposite*. In any event, the fact that the letters will be included in the administrative record *negates any prejudice to Plaintiffs by not having live witnesses* at the preliminary injunction hearing."  [Id. (emphasis added)].  The Defendants give no indication of how a due process violation claim could have been included in the Plaintiffs' Complaint when the crux of the due process violation did not come to fruition until *yesterday afternoon* when the Defendants slammed the door shut on the record with no notice.  The Defendants also give no explanation of how the Plaintiff suffered no prejudice by not being allowed to present live testimony when the Defendants have never given the

Plaintiffs the opportunity to present testimony at all. This conclusion by the Defendants is especially troubling considering that the fact that the ATF's report was not produced by the Defendants until 2:03 P.M. on Thursday, August 12, 2021. Thus, the Plaintiffs have had no meaningful opportunity to present evidence to rebut it. That is a wholly conclusory statement by the defense with no analytical support.

Thus, to summarize the treatment of the Plaintiffs by the Defendants in this case:

- The Defendants failed to give the Plaintiffs any notice or opportunity to be heard or to submit any evidence or testimony to the administrative record before the Cease-and-Desist Letter was issued;

- The Defendants failed to give the Plaintiffs any notice of how or when they could submit evidence or testimony after the Cease-and-Desist Letter was issued;

- The Plaintiffs sent their expert reports to the Defendants asking for reconsideration, but the Defendants clearly never reviewed them since they were not included in their version of the administrative record following receipt and review;

- The Defendants are insinuating that they would be justified in excluding those reports from the administrative record on the basis that they were not received before the Cease-and-Desist Letter was issued, even though no notice was given to the Plaintiffs before that letter issued;

- It was only after the Defendants were called out on their complete lack of due process yesterday afternoon that they changed their position and decided to include the Plaintiffs' expert reports;

- The Defendants never gave the Plaintiffs an opportunity to place their expert testimony on the record, but are moving to exclude the Plaintiffs'

expert testimony claiming (without explanation) that the Plaintiffs were not prejudiced by the inability to provide testimony even though the ATF report has never been provided and the Plaintiffs has had no opportunity to rebut it;

- The Defendants waited until after they filed their Motion in Limine to turn over a copy of their "examination report" to the Plaintiffs despite the Defendants' claims that this report existed prior to July 26, 2021 (over three weeks ago now); and

- The Defendants contend the Plaintiffs' due process argument should not be heard because they failed to plead a due process claim in a Complaint filed 10 days ago even though the due process claim did not accrue until yesterday afternoon.

As the Court can plainly see, the Defendants are not proceeding in good faith. They have completely disregarded due process and the Plaintiffs must be allowed to present their expert testimony because no notice or opportunity has been given to them to do so prior to this time.

2. _The Defendants cannot hide behind the APA to prevent the expert testimony._

The Defendants further argue that the expert testimony should be excluded because it is not part of the administrative record in this case. But aside from the fact that the testimony of the Plaintiffs' expert has only been excluded from the administrative record because of the due process violations set forth above, the Defendants' other arguments do not hold water.

First, the Defendants try to couch the Plaintiffs' claims as a simple appeal of agency decisions. But that is not true. The Plaintiffs specifically pled that they are

seeking a declaratory judgment action under 28 U.S.C. §§ 2201 and 2202 declaring the Defendants' attempts to redefine the definition of a "machinegun" to reach the FRT-15 exceeds the agency's statutory jurisdiction and authority, and that it is short of the agency's statutory right.  [See Doc. 7 at Counts I, II and Prayer for Relief]. As set forth in the preliminary injunction at issue, the Plaintiffs are contending that the ATF's interpretation of a "machinegun" not only contradicts the statute itself, but that the Court cannot defer to the agency's interpretation of a criminal statute – an issue that is currently pending in other United States Circuit Courts of Appeals. [See Docs. 1-3].  Thus, this lawsuit is not simply limited to an appeal of the Defendants' actions, and the Defendants blanket argument that this Court must defer to it completely misses the point.  The expert testimony to be offered is directly relevant to those issues.

Secondly, the Defendants contend this is not a full-blown trial of the merits. But the Defendants wholly ignore the standard for the issuance of an injunction – the Plaintiffs must prove that it is likely to succeed on the merits.  Thus, while a full-blown trial may not take place, the Plaintiffs still must be afforded an opportunity to make their case on the merits and that is why this Court set an evidentiary hearing. Otherwise, it would be yet another due process violation.  The expert testimony is critical to making that case.

Third, even if the Court could solely limit this matter to the agency record under the APA, the Court is still required to review that record to determine if it is complete.  The Eleventh Circuit, quoting the SCOTUS, has stated the following:  "If the record before the agency does not support the agency action, if the agency has not considered all relevant factors, or if the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation."  *Preserve Endangered Areas of Cobb's History v. United States Army Corps of Eng'rs*, 87 F.3d 1242, 1246 (11th Cir. 1996) (emphasis added) (internal citations omitted).

In that same case, the Eleventh Circuit noted in that the District Court is justified in going outside the administrative record when:  1) an agency's failure to explain its action effectively frustrates judicial review; 2) it appears that the agency relied on materials not included in the record; 3) technical terms or complex subjects need to be explained; or 4) there is a strong showing of agency bad faith or improper behavior.  *Id*. at FN1.

Applying those principles to this case, it is important to reiterate from the top that the Plaintiffs have never been given an opportunity to present their expert testimony because of the Defendants' actions.  And while the Defendants claim that the purpose of excluding the testimony of the Plaintiffs' experts would be "so that

this Court's consideration *of the merits of Plaintiffs' claims* is limited to the materials contained in the administrative record", the Defendants then turn around and admit that "it should be noted that *the proposed testimony goes <u>only</u> to the merits of the case*". [Id. at 5 (emphasis added)]. In other words, the Defendants admit that the testimony that would be offered by Plaintiffs' experts would address the very thing the Court is supposed to examine in this hearing – the merits of the Plaintiffs' case.

Nonetheless, the Defendants then argue that the experts should not be allowed to testify because all they would testify about is what is contained in their reports. But that is a pure assumption by the Defendants and simply incorrect. One of the most important things the Plaintiffs experts would testify about is the just provided examination report of the ATF. That is the very same report that ATF refused to produce for 17 days and not until after they had file the current Motion. Since it has just been provided to the Plaintiffs, the Plaintiff experts have not had a meaningful opportunity to respond to – and yet, the Defendants intend to include it in the administrative record. Thus, once again the issues of fair play and substantial justice are at issue because the Defendants are still adding things to administrative record that the Plaintiffs have never seen, but at the same time, they ask this Court to foreclose the Plaintiffs' ability to respond.

Now that this report has finally been produced, it is highly likely that the Plaintiffs' expert testimony will establish -- at the very least – that the ATF's record

does not support its actions in this case, and that the ATF has not considered all of the relevant factors. As cited above, that is a prime condition that would call for this Court to hear from the Plaintiffs' experts. And of course, that would mean the ATF would then have to give notice and a meaningful opportunity for the Plaintiffs to put on their expert testimony to rebut the ATF's report so that such testimony *can* be part of the administrative record. That is exactly what the Defendants are trying to avoid.

The Defendants are taking these actions in bad faith to create a one-sided administrative record and expecting the Court to defer to their inequitable actions. But this complete deprivation of due process to the Plaintiffs cannot continue. This Court needs to hear the testimony of the Plaintiffs' experts so that it can make a fully informed determination as to whether the record supports the agency's actions and whether all relevant factors have been considered.

Finally, the Defendants try to argue (in contradiction to themselves) that this Court does not need to reach the merits of the preliminary injunction because the Court has already ruled that no irreparable harm exists. [See Doc. 12 at 3-7]. But that is not what this Court said. The Court's Order stated: "Plaintiffs have not explained whether they have complied with the ATF Letter, so the potential consequential actions by ATF for noncompliance may never even occur and thus are certainly not imminent." [Id. at 6]. But MAXWELL's letter to the ATF has clearly

stated that he will not comply with the cease-and-desist order because ATF has failed to present valid legal reasons for their demand.  [See Ex. B].  Therefore, the threat is imminent and that will be confirmed at hearing unless the Defendants take the position that they no longer wish to enforce their decision.

## **CONCLUSION**

For the foregoing reasons, the Defendants Motion in Limine must be denied.


/s/Kevin C. Maxwell
Kevin C. Maxwell, Esquire



/s/Kevin C. Maxwell
Kevin C. Maxwell, Esq.
Florida Bar #0604976
733 West Colonial Drive
Orlando, FL 32804
Tel: 407-480-2179
kevincmaxwell@gmail.com
Attorney for Plaintiffs