UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RARE BREED TRIGGERS,
LLC, a Florida Limited Liability
Company, and KEVIN C.
MAXWELL, an individual,

    Plaintiffs,               CASE NO.: 6:21-cv-01245-CEM-GJK

v.

MERRICK GARLAND, in his
official capacity as Attorney
General of the United States, et al.,

    Defendants.

_____/

## PLAINTIFF, RARE BREED TRIGGERS, LLC'S, MOTION FOR LEAVE TO FILE REPLY

Plaintiffs, RARE BREED TRIGGERS, LLC ("RBT") and KEVIN C. MAXWELL ("MAXWELL") (collectively "Plaintiffs"), by and through their undersigned counsel, hereby move the Court pursuant to Local Rule 3.01(d) for leave to file a reply to the Defendants' Response to Plaintiffs' Motion for a Preliminary Injunction [Doc. 37] ("Defendants' Response"), and as grounds therefore states as follows:

1. Local Rule 3.01(d) states: "Without leave, no party may file a reply directed to a response except a response to a motion for summary judgment."

2. The Rule further states: "A motion requesting leave to reply must not exceed three pages inclusive of all parts; must specify the need for, and the length of, the proposed reply; and must not include the proposed reply." *Id*.

3. The Plaintiffs need leave to file a reply to the Defendants' Response because that Response presents false and inherently misleading information to the Court.

4. Among other things, the Defendants' Response misrepresents to the Court that the Plaintiffs' Patent # 10,514,223 ("Plaintiffs' Patent") [*See Exhibit A*] was examined by the ATF and classified as a machinegun on August 28, 2018.

5. That is factually impossible because the Plaintiffs' Patent was not even applied for until September 27, 2018, and the patent was not granted until December 24, 2019.

6. The ATF is basing its conclusions on the examination of the **wrong patent**, and thus the Plaintiffs need to address these material misrepresentations of fact.

7. The Defendants further materially misrepresent to the Court that the "ATF's (Cease and Desist) letter explained that the FRT-15, which the agency had previously examined when a different company submitted the same patent devise

for classification, constituted a 'machinegun'". But the ATF's Cease and Desist letter contains no such statement and no different company submitted the Plaintiffs' Patent. The Plaintiffs need to address this misrepresentation as well.

8. The Plaintiffs believe that they can address these issues in a Reply not to exceed seven (7) pages.

## Local Rule 3.01(g) Certification

I hereby certify that I have conferred with counsel for the Defendants regarding this Motion by telephone on September 14, 2021 and that the Defendants' counsel opposes this Motion.

/s/*Kevin C. Maxwell*
**KEVIN C. MAXWELL**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing is true and correct and was served on this _15_ day of Sept., 2021.

/s/*Kevin C. Maxwell*
**KEVIN C. MAXWELL, ESQ.**
Florida Bar No.: 0604976
255 Primera Blvd Ste 160
Lake Mary, Blvd 32746
Tel. (407) 480-2179
kevincmaxwell@gmail.com