IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RARE BREED TRIGGERS, LLC, *et al.*,

      Plaintiffs,

v.

MERRICK GARLAND, in his official capacity as Attorney General of the United States, *et al.*,

      Defendants.

_____/

Case No. 6:21-cv-01245-CEM-GJK

## DEFENDANTS' OPPOSED TIME-SENSITIVE MOTION IN LIMINE TO LIMIT EVIDENCE AT HEARING ON PLAINTIFFS' EMERGENCY MOTION FOR PRELIMINARY INJUNCTION

**Local Rule 3.01(e) Statement**

Defendants[1] respectfully submit that this motion is time sensitive and request a ruling by 12:00 p.m. on Friday, October 1, 2021. The Court has scheduled an

---

[1] The undersigned counsel represents only the agencies of the United States and federal officers sued in their official capacities. The Amended Complaint also names two officers, Earl Griffith and David Smith, as defendants in their individual capacities and asserts claims against them for damages under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). The undersigned counsel does not represent Defendants Griffith or Smith. The undersigned counsel has been advised that Defendants Griffith and Smith have submitted a representation request pursuant to 28 C.F.R. § 50.15 that is currently being processed; if authorized, they will be represented by other Department of Justice attorneys. This motion is submitted only on behalf of the agencies of the United States and federal officers sued in their official capacities; for simplicity, this motion uses the term "Defendants" to refer to this group of defendants, excluding Defendants Griffith and Smith.

evidentiary hearing on Plaintiffs' Emergency Motion for Preliminary Injunction for October 4, 2021, at 9:00 a.m. Counsel for Defendants will need to know in advance of that hearing whether to prepare to cross-examine Plaintiffs' witnesses and whether to prepare its own witnesses and have those witnesses appear at the hearing.

## Motion in Limine

On August 2, 2021, Plaintiffs filed this action and emergency motions for a preliminary injunction and a temporary restraining order ("TRO"). *See* ECF Nos. 1–3. On August 5, 2021, the Court denied the motion for a TRO. ECF No. 12. Defendants filed the Administrative Record and Certification of Administrative Record on August 16 and 17, 2021. ECF Nos. 26–30. Plaintiffs filed an Amended Complaint on August 27, 2021, Am. Compl., ECF No. 32, along with "a drive containing eleven video files" that Defendants subsequently moved to strike. ECF No. 33, 38. The Court has scheduled an "In-Person Evidentiary Hearing" for October 4, 2021 at 9:00 a.m. ECF No. 43.

Defendants respectfully move this Court to limit the evidence introduced at the October 4 hearing so that this Court's consideration of the merits of Plaintiffs' claims is limited to the materials contained in the administrative record. At the September 16, 2021 Status Conference, counsel for Plaintiffs indicated that Plaintiffs intend to present the testimony of the four witnesses whose opinion letters were submitted with Plaintiffs' Motion, *See* Plaintiffs' Emergency Motion for a Preliminary Injunction, Exhibits B–E, ECF Nos. 2-3–2-6, and to call on Defendant David Smith as a witness. Because this proposed testimony was not presented to the agency and thus falls outside

2

the administrative record for Plaintiffs' Administrative Procedure Act ("APA") claims, Defendants respectfully submit that such testimony should be excluded.

In reviewing a final agency action under the APA, "the court shall review the whole record or those parts of it cited by a party. 5 U.S.C. § 706. "The focal point for judicial review of an administrative agency's action should be the administrative record. The role of the court is not to conduct its own investigation and substitute its own judgment for the administrative agency's decision." *Pres. Endangered Areas of Cobb's Hist., Inc. v. U.S. Army Corps of Eng'rs*, 87 F.3d 1242, 1246 (11th Cir. 1996) (citing *Camp v. Pitts*, 411 U.S. 138, 142 (1973)). Rather, a court must "apply the appropriate standard of review to the agency decision based on the record the agency presents to the reviewing court." *Id.* (alterations omitted) (quoting *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743–44 (1985)).

Three of the counts in Plaintiffs' Amended Complaint—and the only counts at issue in the motion for a preliminary injunction—challenge a decision of the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") pursuant to the APA. *See* Am. Compl. ¶¶ 111–45; *see also* Compl., ECF No. 7, ¶¶ 78–85 (operative complaint at the time the motion for a preliminary injunction was filed). As such, review is limited to the administrative record that existed before the agency at the time of the decision. *See, e.g., Fla. Power & Light Co.*, 470 U.S. at 743-44 (explaining that a court's "factfinding capacity" is "typically unnecessary to judicial review" in an APA case); *Nat'l Min. Ass'n v. Sec'y, U.S. Dep't of Labor*, 812 F.3d 843, 875 (11th Cir. 2016) (holding that courts are "not generally empowered" to consider facts beyond the administrative

record); *United States v. Guthrie*, 50 F.3d 936, 944 (11th Cir. 1995) ("When directly reviewing an agency decision or regulation, a court does not consider any evidence that was not in the record before the agency at the time that it made the decision or promulgated the regulation.").

A district court is "empowered" to go "beyond the administrative record . . . only where there is initially 'a strong showing of bad faith or improper behavior' by the agency." *Ala.-Tombigbee River Coal. v. Kempthorne*, 477 F.3d 1250, 1262 (11th Cir. 2007) (quoting *Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971)).[2] To defeat the presumption that an agency has properly designated the administrative record, "a party must make a significant showing—variously described as a 'strong', 'substantial', or 'prima facie' showing—that it will find material in the agency's possession indicative of bad faith or an incomplete record." *Amfac Resorts, L.L.C. v. U.S. Dep't of Interior*, 143 F. Supp. 2d 7, 12 (D.D.C. 2001). Although the Amended Complaint makes several references to "bad faith" on the part of the Defendants, it does not explain what, exactly, Defendants have allegedly done that constitutes bad faith. *See* Am. Compl. ¶¶ 121(e), 134(e), 145(e).[3] If Plaintiffs intend to suggest that

---

[2] Although other courts sometimes allow supplementation of the administrative record in several circumstances, *see Pres. Endangered Areas*, 87 F.3d at 1246 (citing *Animal Defense Council v. Hodel*, 840 F.2d 1432, 1436–37 (9th Cir. 1988)), the Eleventh Circuit has limited extra-record evidence to the bad-faith exception, *see Ala.-Tombigbee River Coal.*, 477 F.3d at 1262; *see also Nat'l Min. Ass'n*, 812 F.3d at 875. In any event, no other exception would be applicable in this case.

[3] Notably, the original Complaint did not contain any allegation of bad faith. *See generally* Compl., ECF No. 7. Plaintiffs added these references to "bad faith" only after Defendants pointed out the "bad faith" exception to the record-review rule in their previous Motion in Limine. *See* ECF No. 18, at 3.

4

ATF acted in bad faith by not considering Plaintiffs' proposed evidence after ATF served the cease-and-desist letter, *see id.* ¶ 96, such a contention is without merit. Plaintiffs submitted their "expert[] reports" to ATF only in response to the cease-and-desist letter on August 2, 2021, the same day that they initiated this lawsuit. Defendants had no opportunity to review Plaintiffs' response,[4] and the bad-faith exception therefore does not apply. Judicial review is thus limited to the record, and Plaintiffs may not supplement that record by presenting witness testimony.

The final count asserted against the government in the Amended Complaint is a request for a writ of mandamus under 28 U.S.C. § 1361 in order to redress ATF's alleged violation of Plaintiffs' Fifth Amendment rights to "meaningful notice and a meaningful opportunity to be heard." Am. Compl. ¶¶ 173–74. The record-review rule applies not only to claims brought pursuant to the APA, but also to related claims alleging a violation of the Constitution, such as Plaintiffs' procedural due process claim. *See, e.g.*, *RB Jai Alai, LLC v. Sec'y of Fla. Dep't of Transp.*, 47 F. Supp. 3d 1353, 1364 (M.D. Fla. 2014) (holding that, where a private right of action was not otherwise present, challenges to agency action "must be brought through the APA"). A contrary rule—one admitting of a special exception for constitutional claims—would "incentivize every unsuccessful party to agency action to allege . . . constitutional

---

[4] As explained in Defendant's prior motion in limine, Defendants have included the opinion letters in the certified Administrative Record out of an abundance of caution because, even though they were not before the agency at the time it issued the cease-and-desist letter, ATF has not elected to change course in response to the opinion letters. *See* ECF No. 18, at 3 n.2.

violations to trade in the APA's restrictive procedures" for the Federal Rules of Civil Procedure. *Jarita Mesa Livestock Grazing Ass'n v. U.S. Forest Serv.*, 58 F. Supp. 3d 1191, 1238 (D.N.M. 2014); *see also Ala.-Tombigbee Rivers Coal. v. Norton*, No. CIV.A.CV-01-S-0194-S, 2002 WL 227032, at *6 (N.D. Ala. Jan. 29, 2002) (holding that, where due process and APA claims were founded on "identical" facts, "plaintiffs are not entitled to discovery on their due process claim, and that such claim is limited to the administrative record"). Hence, Plaintiffs' addition of a due process claim in the Amended Complaint does not allow them to submit extra-record evidence to the Court via witness testimony.

In any event, Plaintiffs' witnesses will presumably testify only about the merits of Plaintiffs' APA claims, not the due process claims, which are not raised in the Motion for Preliminary Injunction. *See* ECF Nos. 2-3–2-6 (discussing only the merits of the FRT-15's classification). Moreover, even assuming that Plaintiffs were correct that the ATF violated their procedural due process rights, the remedy for such a claim would be a remand to the agency to provide further notice and opportunity to be heard. *See* Am. Compl. ¶ 186 (requesting an order for the agency to "perform the ministerial function" of providing notice and an opportunity to be heard). Plaintiffs' right to be heard before the *agency* cannot be vitiated by additional opportunity for the *Court* to review extra-record evidence.

Additionally, Plaintiffs' proposed testimony would not be efficient or particularly helpful to the Court in deciding the Motion for Preliminary Injunction. The opinion letters of the proposed witnesses are already attached to the Motion for

6

Preliminary Injunction and, because Plaintiff submitted them to ATF in response to the cease-and-desist letter, are included in the administrative record. The witnesses' live testimony would be duplicative of these written exhibits. A court may, in many circumstances, decide a Motion for Preliminary Injunction without any hearing at all. *See Transcon. Gas Pipe Line Co., LLC v. 6.04 Acres, More or Less, Over Parcel(s) of Land of Approximately 1.21 Acres, More or Less, Situated in Land Lot 1049*, 910 F.3d 1130, 1169 (11th Cir. 2018). There is certainly no right to turn a hearing into a full-blown trial on the merits. *See Howard v. Town of Bethel*, 481 F. Supp. 2d 295, 303 (S.D.N.Y. 2007) (noting that a "preliminary injunction hearing[]" is "not a full-blown trial on the merits"); *see also Comprehensive Care Corp. v. Katzman*, No. 8:10-cv-942, 2010 WL 11512165, at *1 n.1 (M.D. Fla. Oct. 15, 2010) (pointing out, under a previous version of the local rules, that a party needed to request leave of court to present witness testimony at a preliminary-injunction hearing). And in any event, even final judgment in this case should be based on the administrative record, as explained above, not witness testimony.

  Furthermore, the Court does not even need to reach the issue that would be the subject of the proposed testimony—the merits of Plaintiffs' APA claims—in order to decide the pending Motion for Preliminary Injunction. As the Court has already found in denying the TRO Motion, Plaintiffs have not demonstrated that they will suffer irreparable harm without an injunction, as they must in order to obtain preliminary relief. *See* ECF No. 12, at 3–7. This same finding is grounds for denying a preliminary injunction. *See also* Opp'n to Motion for a Preliminary Injunction, ECF No. 37, at 9–

7

10 (making this point). The Court should not entertain extensive testimony on the merits where Plaintiffs have not demonstrated that they can satisfy the other elements required for preliminary relief. And, even if the Court does reach the merits of Plaintiffs' claims, the dispositive issue in this case is a purely legal question: whether the statutory phrase "single function of the trigger" refers to the pull of the trigger by the human shooter or the mechanical movement of the trigger. *See id.* at 10–16 (arguing for the former interpretation); Mot. for Prel. Inj. 19–20, ECF No. 2 (arguing for the latter interpretation). The proposed testimony will not assist the Court in deciding that legal issue and is thus unnecessary.

Finally, Plaintiffs' proposal to call David Smith as a witness runs afoul of Supreme Court precedent regarding cases involving personal-liability claims against government officials. Defendant Smith is likely to raise a qualified immunity defense. The Supreme Court has repeatedly held that qualified immunity is an immunity from *suit*, not just liability, and that lower courts must resolve the threshold legal question of qualified immunity *before* subjecting government officials to discovery or other trial proceedings. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009); *Pearson v. Callahan*, 555 U.S. 223, 231–32 (2009); *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996); *Hunter v. Bryant*, 502 U.S. 224, 227 (1991); *Anderson v. Creighton*, 483 U.S. 635, 646 n.6 (1987). As the Supreme Court explained in *Iqbal*:

> It is no answer . . . to say that discovery for petitioners can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove

> necessary for [the individual-capacity defendants] and their counsel to participate in the process to ensure that the case does not develop in a misleading or slanted way that causes prejudice to their position.

556 U.S. at 685. Thus, Plaintiffs are not allowed to call Defendant Smith as a witness. Moreover, allowing Plaintiffs to call other witnesses in support of their position would prejudice Defendants because Smith, as the ATF official who made the classification determination at issue, is the ATF employee most knowledgeable of the subject of this case. Plaintiffs should not be allowed to cut off Defendants' best rebuttal witness by adding personal-liability claims against him and still present their own affirmative witness testimony.[5]

For these reasons, the Court should limit the evidence presented at the preliminary injunction hearing to the materials contained in the administrative record and preclude live witness testimony.

## Local Rule 3.01(g) Certification

Pursuant to the requirements of Local Rule 3.01(g), the undersigned certifies that he has conferred with Plaintiffs' counsel regarding this Motion in Limine. The parties do not agree on a resolution of the Motion, and Plaintiffs oppose the Motion and expedited consideration. The conference occurred by email on September 16, 2021.

---

[5] Once served, the individual-capacity defendants will have sixty days to respond to the Amended Complaint. *See* Fed. R. Civ. P. 12(a)(3). To the extent testimony from Defendant Smith is necessary to resolve the motion for a preliminary injunction, the Court should at least stay the hearing until after he has secured representation and responded to the Complaint.

9

DATED: September 17, 2021   Respectfully submitted,

              BRIAN M. BOYNTON
              Acting Assistant Attorney General

              LESLEY FARBY
              Assistant Branch Director

              /s/ *Michael P. Clendenen*
              MICHAEL P. CLENDENEN
              DC Bar No. 1660091
              Trial Attorney
              Civil Division, Federal Programs Branch
              U.S. Department of Justice
              1100 L Street, NW
              Washington, DC 20005
              Phone: (202) 305-0693
              E-mail: michael.p.clendenen@usdoj.gov

              *Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on the 17th day of September, 2021, I caused the foregoing document to be served on the following counsel for Plaintiffs by filing with the court's electronic case filing system: Kevin C. Maxwell, Esq.

               */s/ Michael P. Clendenen*
               MICHAEL P. CLENDENEN