UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RARE BREED TRIGGERS,
LLC, a Florida Limited Liability
Company, and KEVIN C.
MAXWELL, an individual,

      Plaintiffs,                    CASE NO.: 6:21-cv-01245-CEM-GJK

v.

MERRICK GARLAND, in his
official capacity as Attorney
General of the United States, et al.,

      Defendants.
_____/

**PLAINTIFFS' OPPOSED TIME-SENSITIVE MOTION IN LIMINE TO LIMIT EVIDENCE AT HEARING ON PLAINTIFFS' EMERGENCY MOTION FOR PRELIMINARY INJUNCTION**

**Local Rule 3.01(e) Statement**

Plaintiffs respectfully submit that this motion is time sensitive and request a ruling by 12:00 p.m. on Friday, October 1, 2021. The Court has scheduled an evidentiary hearing on Plaintiffs' Emergency Motion for Preliminary Injunction for the entire day of October 4, 2021. Counsel for Plaintiffs will need to know in advance of that hearing whether to prepare to argument, evidence, and witness testimony to address the items at issue in this Motion.

## Motion in Limine

1.  The Defendants have submitted an "Administrative Record" in this case, which they contend the Court is limited to in their own Motion in Limine. [Doc. 45]. A form of de facto deference.

2.  The Defendants' Motion in Limine seeks to exclude any testimony by Plaintiffs' experts, and to exclude any testimony by ATF Firearms Enforcement Officer David Smith, the person who conducted the ATF's tests in this case, concerning the contents of that Administrative Record. [See id.].

3.  However, the Defendants' case relies upon evidence that is <u>not</u> included or even mentioned in that the Examination report.

4.  The ATF includes as part of that Administrative Record two videos of a "zip-tie test" that it allegedly performed upon the FRT-15.

5.  The Plaintiffs ask this Court to exclude the video of the zip-tie test and all references to it from the record of this case because the video and makeup of the firearm cannot be authenticated.

6.  The videos depict someone, perhaps Firearms Enforcement Officer Smith, placing a zip-tie around the trigger of an unidentified firearm, pulling the zip-tie closed, then inserting a loaded magazine into the firearm and pulling the bolt back, releasing the bolt to cause the firearm to fire.

7. The videos fail to identify any information about the date and time of this test, any details concerning the firearm used, or any information about whether the firearm contains the trigger at issue in this case (i.e., the FRT-15).

8. The Firearms Enforcement Officer Smith's ATF's report also makes no mention of this zip-tie test, and thus none of these authentication details are included in the written portion of the Administrative Record either.

9. The videos included in the Administrative Record also do not contain data on the firearm itself, nor does it contain the serial numbers of the firearm, the trigger used, or the zip-tie used in the video.

10. The videos included in the Administrative Record also do not contain sufficient photographs/images of the firearm used in the video for proper examination as to whether it contains an auto sear or sufficient photographs to identify the serial number, nor does it contain any of the records of the firearm's acquisition, or any records of the modifications performed to the firearm, including the installation of the FRT-15 trigger and when it occurred.

11. Thus, the only person with knowledge of these facts would be, the person who did the test firing with a zip-tie, presumedly Firearms Enforcement Officer Smith, and his testimony is not included in the Administrative Record.

12. Without such testimony from, presumedly Firearms Enforcement Officer Smith, there is no way to authenticate the zip-tie video or to establish that this video depicts an actual test of the FRT-15 trigger, or to establish what

modifications were made to the firearm used, or to prove that the firearm used was not a fully automatic weapon.

13. As a result, if Firearms Enforcement Officer Smith or the person who conducted this test, if not Firearms Enforcement Officer Smith, is not called to testify, then the Court must exclude the video of the zip-tie test and all references to it from the record of this case because the video and makeup of the firearm cannot be authenticated or verified without such testimony.

### Local Rule 3.01(g) Certification

I hereby certify that I have conferred with counsel for the Defendants, United States and federal officers in their official capacities, regarding this Motion by telephone and that the Defendants' counsel opposes this Motion. Please note Attorney Clendenen, with whom Plaintiff counsel has conferred, does not represent Defendant Smith or Defendant Griffith in their individual capacities and did not oppose or consent to this motion as to those two Defendants.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing is true and correct and was served on this 24 day of Sept., 2021.

/s/ *Kevin C. Maxwell*
**KEVIN C. MAXWELL, ESQ.**
Florida Bar No.: 0604976
255 Primera Blvd Ste 160
Lake Mary, Blvd 32746
Tel. (407) 480-2179
kevincmaxwell@gmail.com