UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**RARE BREED TRIGGERS, LLC**
**and KEVIN C. MAXWELL,**

      **Plaintiffs,**

v.                                                                    Case No. 6:21-cv-1245-CEM-GJK

**MERRICK GARLAND, CRAIG SAIER, MARVIN RICHARDSON, U.S. DEPARTMENT OF JUSTICE, BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, EARL GRIFFITH, and DAVID SMITH,**

      **Defendants.**
_____/

**ORDER**

THIS CAUSE is before the Court on Plaintiffs' Emergency Motion for a Preliminary Injunction ("Motion," Doc. 2), to which Defendants[1] filed a Response in Opposition (Doc. 37). After hearing, (Min. Entry, Doc. 63), for the reasons stated herein, the Motion will be denied.

---

[1] The Response was filed by "the agencies of the United States and federal officers sued in their official capacities." (Doc. 37 at 6 n.1).

I.   **BACKGROUND**

This case arises from a cease-and-desist letter ("ATF Letter," Doc. 2-6) issued to Plaintiffs by the U.S. Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") requiring that Plaintiffs Rare Breed Triggers, LLC ("Rare Breed") and Kevin Maxwell "[c]ease and desist all manufacture and transfer of the Rare Breed Trigger FRT-15," which—per the ATF's Letter—"is a combination of parts designed and intended for use in converting a weapon into a machinegun." (*Id.* at 2). The ATF Letter, which was issued on July 26, 2021, advises that Plaintiffs' failure to comply with the requirements of the letter "may result in (1) law enforcement action by ATF, including a referral of this matter to the United States Attorney's Office for criminal prosecution; (2) tax assessment and collection; and/or (3) seizure and forfeiture of the firearms and property involved in violations of Federal law." (*Id.*).

Plaintiffs' Amended Complaint (Doc. 32) alleges five counts—three counts for violation of the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 702, 704, a Bivens claim against the individual federal officer Defendants, and a claim for writ of mandamus. (*Id.* at 26–48). Plaintiffs have filed the instant Motion, requesting that

the Court restrain Defendants from taking the steps outlined in the ATF Letter.[2] (*See generally* Doc. 2).

## II.  LEGAL STANDARD

To obtain a preliminary injunction, the movant must sufficiently establish that "(1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." *Forsyth Cnty. v. U.S. Army Corps of Eng'rs*, 633 F.3d 1032, 1039 (11th Cir. 2011) (quoting *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc)). "A preliminary injunction, moreover, 'is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites.'" *Llovera v. Fla.*, 576 F. App'x 894, 896 (11th Cir. 2014) (per curiam) (quoting *Forsyth Cnty.*, 633 F.3d at 1039).

## III.  ANALYSIS

Plaintiffs must demonstrate that they have satisfied their burden as to all four preliminary injunction elements. *Id.*; *Henry v. Nat'l Hous. P'ship*, No. 1:06-cv-008-SPM, 2006 U.S. Dist. LEXIS 104140, at *6 n.1 (N.D. Fla. Sep. 19, 2006) ("Where

---

[2] The Court previously denied Plaintiffs' Emergency Motion for an Ex Parte Temporary Restraining Order (Doc. 3). (Aug. 5, 2021 Order ("TRO Order"), Doc. 12, at 7).

a plaintiff has not carried his burden as to any one of the elements required for a preliminary injunction, it is unnecessary to address the remaining elements." (citing *United States v. Jefferson Cnty.*, 720 F.2d 1511, 1519 (11th Cir. 1983))). "A showing of irreparable injury is the *sine qua non* of injunctive relief." *Hoop Culture, Inc. v. Gap Inc.*, 648 F. App'x 981, 984 (11th Cir. 2016) (citing *Siegel*, 234 F.3d at 1176). That is, "the absence of a showing of irreparable injury, 'would, standing alone, make preliminary injunctive relief improper.'" *Id.* (citing *Siegel*, 234 F.3d at 1176). Therefore, the Court begins with this element.

Plaintiffs first argue that they will be irreparably harmed if the ATF is permitted to seize the FRT-15 triggers already in the hands of consumers because "customers [will] lose the monetary value of their possessions" and "all future customers . . . will be deprived of the ability to purchase and use the FRT-15." (Doc. 2 at 22). Additionally, "[s]uch customers . . . will then inevitably seek chargebacks against the company when that property is seized which will cause unrecoverable financial ruin to the company." (*Id.*; *see also id.* (stating that "assets of the Plaintiffs will be seized causing [Rare Breed]'s business to collapse and cutting off Maxwell's income and his ability to provide for himself and his family")).

Plaintiffs' only evidence supporting the contention that Rare Breed will suffer "unrecoverable financial ruin" and Maxwell will be unable "to provide for himself and his family," (Doc. 2 at 22), is Maxwell's Affidavit (Doc. 2-1). Maxwell's

Affidavit summarily states that the ATF's seizure of the FRT-15 triggers from customers "will cause irreparable financial harm" to Rare Breed and "will cut off [Maxwell's] personal income and seriously effect [his] ability to provide for himself and [his] family." (*Id.* at 10). However, Maxwell provides no factual support for the conclusory statements in his affidavit. For example, he has not explained how, as a licensed attorney, loss of his income from Rare Breed for the period of time of this litigation will cause him to be unable to support himself or his family. Absent supporting factual evidence, the Court may disregard the conclusory statements in the affidavit. *Rogers v. Evans*, 792 F.2d 1052, 1065 n.9 (11th Cir. 1986) (holding that the district court properly struck an affidavit that was "phrased in conclusory terms without citing facts"). Absent any other evidence, Plaintiffs have not demonstrated that the injuries alleged cannot be remedied through monetary relief. *Ne. Fla. Ch. of Ass'n of Gen. Contractors v. Jacksonville*, 896 F.2d 1283, 1285 (11th Cir. 1990) ("An injury is 'irreparable' only if it cannot be undone through monetary remedies. . . . Mere injuries, however substantial, in terms of money, . . . are not enough.").

Plaintiffs next argue that they "will . . . be forced to disclose confidential customer lists or risk felony prosecution" and that "Maxwell, who is a practicing attorney," is "at risk of suspension of his legal license due to criminal prosecution." (Doc. 2 at 22). As explained in the Court's TRO Order, Plaintiffs have failed to

explain "why this Court has the authority to temporarily restrain a law enforcement action or criminal prosecution by an executive branch agency." (Doc. 12 at 3). Indeed, "[u]pon careful review, this Court is unsure that such authority exists, and even if it does, the Court would decline to issue a [preliminary injunction] in recognition of principles of equity." (*Id.*). The Court's discussion of this legal authority was included in its TRO Order and is incorporated by reference into this Order. (*See id.* at 3–5). Plaintiffs have not provided any argument or legal authority that would change the previous analysis. "[W]here Plaintiffs seek primarily to have the Court enjoin law enforcement action by the ATF leading to the potential criminal prosecution of Plaintiffs, the resulting consequences from any such criminal prosecution cannot constitute irreparable harm." (*Id.* at 5 (citing *Boyd v. Georgia*, 512 F. App'x 915, 918 (11th Cir. 2013)).[3]

At the preliminary injunction hearing, Plaintiffs made one additional argument regarding irreparable harm that was not contained in their Motion. Plaintiffs argued that Rare Breed has filed a lawsuit in the U.S. District Court, Northern District of Florida, against a competing company that is allegedly infringing upon Rare Breed's patent for the FRT-15 trigger.[4] From what the Court

---

[3] This principle similarly applies to Maxwell's argument that he is at risk of suspension of his legal license due to criminal prosecution because that is a consequence only encompassed within a potential criminal prosecution.

[4] The Court takes judicial notice of the case of *Rare Breed Triggers, LLC v. Big Daddy Enterprises, Inc.*, Case No. 1:21-cv-149-RH-GRJ, filed on September 15, 2021, in the U.S. District Court, Northern District of Florida. *See United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994)

can discern from the argument at the hearing, Plaintiffs contend that they may not be able to successfully prosecute their patent infringement case if the ATF Letter is allowed to be enforced. However, Plaintiffs have provided no legal authority supporting the proposition that the potential success or failure of an argument in another legal proceeding—filed after this case and the instant Motion—constitutes irreparable harm here. Moreover, Plaintiffs have not explained why such purported harm could not be remedied by monetary damages.

On one final note, as the Court pointed out in the TRO Order, Plaintiffs have also not demonstrated that any of the alleged harm is imminent. (*See* Doc. 12 at 5–6). While Plaintiffs presented evidence at the hearing that at least one of the FRT-15 triggers has been seized by the ATF, indicating that the ATF may be taking some enforcement action, Plaintiffs have still not indicated whether they have chosen not to comply with the actions required in the ATF Letter. If Plaintiffs have chosen not to comply and any of the consequences in the ATF Letter have come to fruition, the Court is not privy to those actions because Plaintiffs have not presented any evidence of such. As far as the Court is aware, the status quo has been—and can continue to be—preserved by Plaintiffs own actions of working with the ATF to develop a plan. (Doc. 2-6 at 2 (requiring Plaintiffs to cease and desist manufacture and transfer of

---

("It is recognized that a court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." (internal quotations omitted)).

the FRT-15 trigger and to "[c]ontact ATF within 5 days of receipt of th[e] letter to develop a plan for addressing those machineguns already distributed")).

Plaintiffs have not demonstrated irreparable harm. Therefore, the Court need not consider the remaining elements, and the Motion will be denied.

### IV.   CONCLUSION

In accordance with the foregoing, Plaintiffs' Emergency Motion for a Preliminary Injunction (Doc. 2) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on October 12, 2021.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record